UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH E. LEON,

          Plaintiff,

    v.

AMAZON.COM SERVICES LLC,

          Defendant.

No.  2:25-cv-3546-DJC-CKD (PS)

FINDINGS AND RECOMMENDATIONS

Plaintiff Joseph Leon proceeds without counsel in this employment action removed to federal court on December 8, 2025. (ECF Nos. 1 & 1-3, "Compl.") Before the court is defendant Amazon.com Services LLC's ("Amazon") motion to dismiss one of plaintiff's claims as time-barred. (ECF No. 7.) Plaintiff has filed an opposition in which he argues that he is entitled to equitable tolling of the four hours' delay in filing his wrongful termination claim. (ECF No. 11.) Plaintiff attaches to his opposition two exhibits: a notice of confirmation of electronic filing in the Sacramento Superior Court (ECF No. 11, Ex. A) and a declaration concerning his filing of the complaint (id. at 3). Defendant has filed a reply urging the Court to disregard this extrinsic evidence on a motion to dismiss (ECF No. 13 at 3, n. 2) and arguing that, even if plaintiff's evidence is considered, he has not met his burden to justify equitable tolling.

    "Because the applicability of the equitable tolling doctrine often depends on matters

1

outside the pleadings, it is not generally amenable to resolution on a Rule 12(b)(6) motion." Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 (9th Cir. 1995) (cleaned up, internal quotation omitted). Because plaintiff has asserted equitable tolling, the undersigned finds it appropriate to convert defendant's motion to dismiss to a motion for summary judgment on plaintiff's wrongful termination claim. See Bacon v. City of Los Angeles, 843 F.3d 372, 374 (9th Cir. 1988) ("plaintiff's reliance on equitable tolling converted the motion to dismiss into one for summary judgment"); Rodriguez v. Solano State Prison, 2025 WL 1951802, *1 (E.D. Cal. July 16, 2025) (collecting cases).

On January 27, 2026, the motion was taken under submission without argument. (ECF No. 15.) For the reasons set forth below, the undersigned recommends that the motion be denied.

## I.    Background

Plaintiff filed this action on September 9, 2025 in the Sacramento County Superior Court. (Compl.) Plaintiff alleges that he was employed by defendant Amazon as a Fulfillment Associate at a facility in Sacramento, California. (Id., ¶ 1.) He alleges that he suffered workplace injuries in 2023 while operating hazardous equipment or performing assignments without proper training. (Id., ¶ 8.) After he complained about unsafe conditions, he was terminated on August 25, 2023, an action allegedly motivated by his complaints about workplace safety and injuries. (Id., ¶¶ 8-9.) The termination was finalized on September 7, 2023. (Id., ¶ 9.) Plaintiff asserts the following claims: (1) wrongful termination in violation of public policy, (2) retaliation in violation of Cal. Labor Code §§ 6310, 6311, and (3) failure to provide personnel records in violation of Cal. Labor Code § 1198.5. (Id. 4-6.)

Plaintiff alleges that "the statute of limitations on his claims runs from September 7, 2023, and this Complaint, filed on September 8, 2025, is timely." (Compl., ¶ 6.) However, Amazon's motion points out that the file stamps and caption page of the Complaint are dated September 9, 2025. (See Compl. at 1-2.)

On December 8, 2025, defendant removed this case to federal court on the basis of diversity jurisdiction. (ECF No. 1.)

////

2

## II.    Legal Standard

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. . ." Fed. R. Civ. P. 56(c)(1)(A).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of their pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists or show that the materials cited by the movant do not establish the absence of a genuine dispute. See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party,  see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

**III.    Discussion**

Defendant argues that plaintiff's first claim for wrongful termination is time-barred because it was filed more than two years after plaintiff's alleged termination. Plaintiff contends that his four-hour delay in filing the claim should be equitably tolled based on the facts set forth in his declaration. The question on this motion is "whether plaintiff has raised a triable issue of fact as to whether he meets the requirements for equitable tolling" on his wrongful termination claim. See Graham v. Runnels, 2009 WL 2407690, *4 (E.D. Cal. Aug. 4, 2009).

The two-year statute of limitations set forth in section Cal. Code Civ. Proc. § 335.1 applies to claims for wrongful discharge in violation of public policy. See Lamke v. Sunstate Equip. Co., LLC, 387 F. Supp. 2d 1044, 1051-52 (N.D. Cal. 2004) (section 335.1 sets forth the applicable statute of limitations for wrongful discharge in violation of public policy); Mathieu v. Norrell Corp., 115 Cal. App. 4th 1174, 1189, n.14 (2004) (same). The statute of limitations began to run on September 7, 2023, the date of plaintiff's termination, see Romana v. Rockwell Internat., Inc., 14 Cal. 4th 479, 501 (1996), and expired on September 8, 2025 because September 7, 2025 fell on a Sunday. The complaint is file-stamped September 9, 2025; records indicate that the court received it at 4:09 a.m. on that day.[1] (ECF No. 11 at 5.)

---

[1] The undersigned takes judicial notice of the "Notice of Confirmation of Electronic filing" in the Sacramento Superior Court, noting that the complaint in Leon v. Amazon.com Services, LLC was

4

In opposition to the motion, plaintiff declares that he made a "good-faith effort" to file the complaint September 8, 2025, but "[t]echnical issues resulted in the filing being finalized at 4:09 a.m. on September 9, 2025." (ECF No. 11 at 3.) He requests that the four-hour delay in filing the wrongful termination claim be equitably tolled.

Equitable tolling, which defeats a time-bar under certain circumstances, is available only in "extreme cases and gives the court latitude in a case-by-case analysis." Scholar v. Pac. Bell, 963 F.2d 264, 267-68 (9th Cir. 1992). To trigger equitable tolling, a plaintiff must show (1) "timely notice" of the claim to the defendant; (2) "lack of prejudice" to the defendant; and (3) "reasonable and good faith conduct on the part of the plaintiff." McDonald v. Antelope Valley Cmty. Coll. Dist., 45 Cal. 4th 88, 102 (2008); Butler v. Nat'l Cmty. Renaissance of Cal., 766 F.3d 1191, 1204 (9th Cir. 2014). While "mistake or neglect alone doesn't excuse a late-filed petition," the court "must consider it as part of the analysis of whether a plaintiff has established equitable tolling's elements." Saint Francis Memorial Hospital v. State Dept. of Public Health, 9 Cal. 5th 710, 726 (2020). "When confronted with equitable tolling claims, courts must examine each case on its facts to determine whether the defendant received timely notice of the plaintiff's intent to file suit." Id. at 727.

Here, defendant had timely notice of the wrongful termination claim, which was filed four hours after the deadline. Defendant was not prejudiced by this short and insignificant delay. Thus, two prongs of the three-part test for equitable tolling favor plaintiff.

"The third element requires a showing that plaintiff's conduct was "objectively reasonable" and "subjectively in good faith." Saint Francis Memorial Hospital, 9 Cal. 5th at 729. "Good faith pivots . . . on a party's intentions," while "an analysis of reasonableness focuses on . . . whether that party's actions were fair, proper, and sensible in light of the circumstances." Id.; see, e.g.,  Mahboob v. Educ. Credit Mgmt. Corp., 2023 12014957, **10-14 (C.D. Cal. Dec. 20,

---

received at 4:09 a.m. on September 9, 2025. (ECF No. 11 at 5.) A court may take judicial notice of facts not subject to reasonable dispute, including facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Ev. 201(b)(2). Under appropriate circumstances, facts concerning other court proceedings are subject to judicial notice. See Fowler Packing Co., Inc. v. Lanier, 844 F.3d 809, 813, n.2 (9th Cir. 2016).

2023) (applying three-prong test). Here, drawing all reasonable inferences in favor of the opposing party, plaintiff's attempt to file the complaint on the due date of September 8, 2025 was made in good faith. It was also arguably reasonable, though he apparently underestimated how long it would take and/or the technical difficulties he would encounter, which resulted in the complaint being received by the court at 4 a.m. the following day. Alternatively, plaintiff's filing the complaint at the last minute and missing the deadline could be viewed as objectively unreasonable.

In sum, plaintiff has raised a triable issue of fact for a jury to determine whether he is entitled to equitable tolling of the wrongful termination claim. Defendant's motion should be denied. Should this matter proceed to trial, defendant may raise the limitations defense to plaintiff's wrongful termination at that time.

**IV.    Conclusion**

Accordingly IT IS RECOMMENDED that:

1.  Defendant's motion to dismiss plaintiff's wrongful termination claim (ECF No. 7) be DENIED; and

2.  Defendant be directed to file an answer to the complaint no later than thirty (30) days after the district judge's order on this motion issues.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the

////

////

////

////

6

District court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  April 7, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/leon3546.sj.sol.f&rs