UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH E. LEON,

Plaintiff,

v.

AMAZON.COM SERVICES LLC,

Defendant.

No. 2:25–cv–03546-DJC-CKD

PRETRIAL SCHEDULING ORDER

READ THIS ORDER CAREFULLY. IT CONTAINS IMPORTANT DATES THAT THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY. FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER APPROPRIATE SANCTIONS, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

This action was filed in state court on September 9, 2025 and removed to federal court on December 8, 2025. (ECF No. 1.) On May 4, 2026, the assigned district judge denied defendant's motion to dismiss one claim and directed defendant to file an answer to the complaint. (ECF No. 17.) Defendant filed an amended answer on June 24, 2026. (ECF No. 20.) On July 8, 2026, pursuant to court order, the parties filed a joint status report. (ECF No. 21.) After considering the parties' status report, the Court issues the following pretrial scheduling order.

////

NATURE OF THE CASE

Plaintiff Joseph Leon was employed by defendant Amazon.com Services LLC ("Amazon") as a Fulfillment Associate in its Sacramento facility. Plaintiff alleges that in 2023, he suffered multiple workplace injuries while operating hazardous machinery and performing tasks without sufficient training. Plaintiff alleges that he reported these unsafe conditions to site managers and site leaders at Amazon. Plaintiff alleges that Amazon retaliated against him for these protected activities by terminating his employment on September 7, 2023 on the pretext that he violated the attendance policy. On May 17, 2024, plaintiff requested copies of his personnel records, safety logs, medical files under California statutory law, but Amazon allegedly failed to provide them within the mandated 30-day period. Plaintiff asserts three causes of action under California law: (1) wrongful termination; (2) retaliation, and (3) failure to provide personnel records. He seeks monetary damages and statutory penalties.

Amazon contends that plaintiff's claims lack merit. It denies that it retaliated against plaintiff and asserts that it terminated plaintiff's employment solely because he was in violation of the attendance policy. Defendant also denies that any relief is warranted for plaintiff's records claims.

SERVICE OF PROCESS

Defendant has been served and has appeared. No further service is permitted except with leave of Court, good cause having been shown.

JOINDER OF PARTIES/AMENDMENT OF PLEADINGS

Defendant has answered the complaint. No further joinder of parties or amendments to the pleadings are permitted except with leave of Court, good cause having been shown.

JURISDICTION/VENUE

Jurisdiction and venue are hereby found to be proper.

INITIAL DISCLOSURES

Per the parties' agreement, they shall exchange initial disclosures by **September 11, 2026**. Such disclosures shall include production of any documents and other items required by Rule 26(a)(1)(A)(ii) that are within a party's possession, custody, or control.

DISCOVERY DEADLINES, PROCEDURES FOR DISCOVERY DISPUTES

All fact discovery shall be completed[1] by **May 28, 2027.**

Any discovery-related motions must conform to the requirements of the Federal Rules of Civil Procedure and this Court's Local Rules, including Local Rule 251. Judge Delaney generally hears civil motions on Wednesdays at 10:00 a.m.

Prior to filing any discovery-related motions, the parties are required to meet and confer in good faith in an attempt to resolve their discovery disputes informally and without court intervention. Such meet and confer shall take place in person, or at a minimum, via a telephonic conference. The mere exchange of letters or e-mails alone is not sufficient. As part of their joint statement related to a discovery motion submitted pursuant to Local Rule 251, the parties shall also specifically outline: (a) what meet-and-confer efforts were undertaken; (b) when and where such discussions took place; (c) who was present; and (d) how the parties' disputes were narrowed as a result of such discussions. Failure to comply with these requirements may result in summary denial of any discovery motion.

The Court strongly encourages the use of informal telephonic discovery conferences with the Court in lieu of formal discovery motion practice. The procedures and conditions for requesting and conducting such an informal telephonic discovery conference are outlined in Judge Delaney's "Order re Informal Telephonic Conferences re Discovery Disputes," posted on the Court's website at http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/5055/. Additionally, subject to the Court's availability, the Court will also rule on disputes encountered at oral depositions, so as to avoid such depositions from breaking down. In the course of the deposition, the parties may contact Judge Delaney's courtroom deputy clerk at (916) 930-4004 to inquire regarding Judge Delaney's availability. However, the parties are cautioned that these informal procedures are not to be abused, and the Court may impose appropriate sanctions on an offending party or parties, even in the course of informal discovery conferences.

[1] "Completed" means (1) all discovery shall have been conducted so that all depositions have been taken and (2) any disputes related to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.

EXPERT DISCLOSURES AND DISCOVERY

The parties shall disclose any expert witnesses by **June 7, 2027.** Any rebuttal expert disclosures shall be disclosed by **July 7, 2027**. Expert disclosures shall be filed with the Court and served upon all other parties. All expert discovery shall be completed (see fn. 1) by **August 6, 2027**. The same procedures for fact–discovery disputes applies to expert–discovery disputes.

An expert witness not timely disclosed will not be permitted to testify unless the party offering the witness demonstrates that: (a) the necessity of the witness could not have been reasonably anticipated at the time that the expert disclosures were due; (b) the Court and opposing counsel were promptly notified upon discovery of the witness; and (c) the witness was promptly proffered for deposition. Failure to provide the information required by Federal Rule of Civil Procedure 26(a)(2) along with the expert disclosures may lead to preclusion of the expert's testimony or other appropriate sanctions.

LAW AND MOTION

All law and motion, except as to discovery-related matters, shall be completed (i.e. heard) by **October 8, 2027.** Counsel and/or parties proceeding without counsel are cautioned to refer to the Local Rules regarding the requirements for noticing such motions on the Court's regularly scheduled law and motion calendar, including, but not limited to, Local Rule 230. Judge Delaney generally hears civil motions on Wednesdays at 10:00 a.m. This paragraph does not preclude motions for continuances, motions in limine related to trial, temporary restraining orders, or other emergency applications, for which the Court may set a special briefing schedule, if necessary or appropriate.

ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL MOTION. The purpose of law and motion is to narrow and refine the legal issues raised by the case, as well as to dispose of those issues that are susceptible to resolution without trial by pretrial motion. To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, then examine those issues in light of the evidence obtained through discovery. If it appears to counsel after examining the legal issues and facts that an issue can be resolved by pretrial motion, counsel are to file the appropriate motion consistent with the law and

motion cutoff set forth above. Conversely, motions in limine are procedural devices designed to address the admissibility of evidence. THE COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED UNDER THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

FINAL PRETRIAL CONFERENCE/TRIAL SETTING

The Court orders the parties to submit a Notice of Trial Readiness on one of the following timelines:

A. After resolution of any pending dispositive motions, the parties are to submit the Notice not later than thirty (30) days after receiving the Court's ruling(s) on the last filed dispositive motion(s); or

B. If the parties do not intend to file dispositive motions, the parties are ordered to file the Notice not later than one hundred twenty (120) days after the close of discovery and the notice must include statements of intent to forgo the filing of dispositive motions.

In the Notice of Trial Readiness, the parties are to set forth the appropriateness of special procedures, their estimated trial length, any request for a jury, their availability for trial, and if the parties are willing to attend a settlement conference. The Notice shall also estimate how many court days each party will require to present its case, including opening statements and closing arguments. The parties' estimate shall include time necessary for jury selection, time necessary to finalize jury instructions and instruct the jury. After review of the parties' Joint Notice of Trial Readiness, the Court will issue an order that sets forth dates for a final pretrial conference and trial.

OBJECTIONS

Any objections to this pretrial scheduling order shall be filed within seven (7) days.

SETTLEMENT CONFERENCE

The parties believe a settlement conference could be beneficial at this time. The parties are directed to contact the undersigned's courtroom deputy clerk, Lisa Kennison, at lkennison@caed.uscourts.gov to inquire as to the availability of another magistrate judge for a settlement conference at the earliest date possible.

MODIFICATION OF THIS SCHEDULING ORDER

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b)(4), this order shall not be modified except by leave of court upon a showing of "good cause." See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992). Mere agreement by the parties pursuant to a stipulation does not constitute good cause. Nor does the unavailability of witnesses or counsel, except in extraordinary circumstances, constitute good cause.

Dated: July 31, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/leon3546.pretrialso